IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-03157-CMA-KMT

ANTONIO FRANK DELMONICO, IV

    Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES OF COLORADO, *a/k/a Centura Health*,

    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
FOR LACK OF JURISDICTION (Doc. # 24)**

This matter is before the Court on Defendant Catholic Health Initiatives of Colorado's Motion to Dismiss for Lack of Jurisdiction. (Doc. # 24.) For the following reasons, the Court grants Defendant's Motion and dismisses this action without prejudice for lack of subject matter jurisdiction.

**I.**     **BACKGROUND**

This case arises from a health care dispute in Pueblo, Colorado. Plaintiff, Antonio Frank Delmonico, IV, alleges that Defendant has denied him access to medical care by creating at least one "Be on the Lookout" ("BOLO") alert against him that includes "false criminal history." (Doc. # 9 at 4.) According to Plaintiff, he has been "blacklisted" by medical providers because of this BOLO and retaliated against for filing a complaint with the Colorado Department of Regulatory Agencies. (*Id.*)

Plaintiff filed *pro se* a Complaint (Doc. # 1) on October 22, 2020. On November 23, 2020, Magistrate Judge Gordon P. Gallagher ordered Plaintiff to file an amended complaint to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure and to "clarify the jurisdictional basis for his claims and provide sufficient factual allegations" to establish the Court's subject matter jurisdiction over such claims. (Doc. # 8 at 3, 5.) Plaintiff filed an Amended Complaint on December 21, 2020. (Doc. # 9.)

In his Amended Complaint, Plaintiff asserts that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. # 9 at 3.) He cites "[the] Americans with Disabilities Act (ADA), defamation per se and/or the Common Law of Colorado" as bases for federal question jurisdiction. (*Id.*) In his first claim, Plaintiff alleges that Defendant retaliated against him for filing a Colorado state regulatory complaint. (*Id.* at 4.) For his second claim, Plaintiff lists "Defamation Per Se, common law of Colorado" and alleges that Defendant provided "false criminal history." (*Id.* at 5.) Finally, Plaintiff requests that his "Be on the Lookout (BOLO) status be removed or redacted" and "[his] false criminal history be removed from [his] permanent medical records" so that he can receive medical care. (*Id.* at 6.) He also asks for a nominal judgment. (*Id.*)

On April 20, 2021, Defendant filed a Motion to Dismiss for Lack of Jurisdiction (Doc. # 24) pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant argues that Plaintiff, despite Magistrate Judge Gallagher's direction, again failed to state any question of federal law. The motion has been fully briefed. (Doc. ## 32, 40.)

## II.   LEGAL STANDARDS

Plaintiff proceeds *pro se*. The Court, therefore, reviews his pleading "liberally and hold[s] [it] to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007). A court may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

Federal courts are courts of limited jurisdiction and, as such, "are duty bound to examine facts and law in every lawsuit before them to ensure that they possess subject matter jurisdiction." *The Wilderness Soc. v. Kane Cnty., Utah*, 632 F.3d 1162, 1179 n.3 (10th Cir. 2011) (Gorsuch, J., concurring). Federal subject matter jurisdiction can arise under 28 U.S.C. § 1331 for claims "arising under the Constitution, laws, or treaties of the United States" or under 28 U.S.C. § 1332(a) where the amount in controversy exceeds $75,000 and the conflict is between citizens of different states.

Rule 12(b)(1) provides for challenges to a court's subject matter jurisdiction. *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1294 (10th Cir. 2003). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Generally, Rule 12(b)(1) motion may take two forms: a facial attack or a factual attack on the complaint. *Holt v. United States*, 46 F.3d 1000,

1002 (10th Cir. 1995). When reviewing a facial attack on the complaint, as is the case here, the Court accepts the allegations of the complaint as true. (*Id.*)

### III.   DISCUSSION

Defendant argues that no question of federal law appears on the face of Plaintiff's Amended Complaint because Plaintiff's two claims "are expressly based on Colorado law." (Doc. # 24 at 3.) For a court to have federal question jurisdiction under 28 U.S.C. § 1331 "two conditions must be satisfied. First, a question of federal law must appear on the face of plaintiff's well-pleaded complaint. Second, plaintiff's cause of action must either be (1) created by federal law, or (2) if it is a state-created cause of action, its resolution must necessarily turn on a substantial question of federal law." *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (quotation and citation omitted).

As the basis for federal question jurisdiction in this case, Plaintiff points to the "Americans with Disabilities Act (ADA), defamation per se and/or the Common Law of Colorado." (Doc. # 9 at 3). Although Plaintiff cites the ADA in his identification of jurisdiction, Plaintiff's two claims in the Amended Complaint are unrelated to the ADA. Rather, Plaintiff's claims are (1) retaliation for filing a regulatory complaint and (2) defamation under the "common law of Colorado." (*Id.* at 4–5.) Construing the pleading liberally, the Court addresses each claim in turn.

To state a retaliation claim sufficient to establish a federal question, a plaintiff must demonstrate (1) he was engaged in constitutionally protected activity, (2) defendant's actions caused him to suffer an injury that would chill a person of ordinary

4

firmness from continuing to engage in that activity, and (3) defendant's adverse action was substantially motivated as a response to plaintiff's constitutionally protected activity. *See Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). "Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of . . . constitutional rights." *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (quoting *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990)). In his Amended Complaint, Plaintiff does not allege that he was engaged in any constitutionally protected activity. Instead, Plaintiff asserts that Defendant created the BOLO against him and provided it to other medical providers "for retaliatory reasons" to "permanently deny [him] continued medical care." (Doc. # 9 at 4.) Plaintiff makes no recognizable assertion of protected constitutional activity and, as such, Plaintiff's claim does not implicate a question of federal law.

Next, Plaintiff asserts a claim for "defamation per se, common law of Colorado." In so doing, Plaintiff appears to assert that the BOLO is defamatory under Colorado law because it "includes a false criminal history." (Doc. # 9 at 4); *see Tonnessen v. Denver Pub. Co.*, 5 P.3d 959, 963 (Colo. App. 2000) ("A statement imputing a criminal offense is defamatory *per se*."). This is a state law claim that, on its face, presents no federal question. Therefore, the action must be dismissed without prejudice for lack of subject matter jurisdiction. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (affirming dismissal without prejudice where a claim is dismissed for lack of subject matter jurisdiction).

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. # 24) is GRANTED;

- Defendant's Amended Motion for Extension of Time to File Proposed Scheduling Order (Doc. # 30), Plaintiff's Motion for Summary Judgment (Doc. # 42), and Plaintiff's Motion to Reconsider a Settlement/Mediation Conference (Doc. # 52) are DENIED as moot; and

- the instant action is dismissed without prejudice, and the Clerk is directed to close the case.

DATED: October 12, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge